# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Texas Right to Life Committee, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-14-02754 |
| | § | |
| Bob Deuell, | § | |
| | § | |
| Defendant. | § | |

## Order

This case was removed to federal court on September 25, 2014, on the basis of federal question jurisdiction after plaintiff amended its original petition asserting a cause of action under 42 U.S.C. § 1983. Dkt. 1, p. 84. Since removal, plaintiff has filed its second amended petition, dropping its claim under 42 U.S.C. § 1983. Dkt. 11. Plaintiff now seeks remand, arguing that this court no longer has jurisdiction because it abandoned the only federal claim asserted in the case. Dkt. 12. Defendant opposes remand on the bases that plaintiff's motion to remand was untimely and its second amended complaint should not be considered by the court because it was not filed with consent of the defendant or with leave from the court. Dkt. 13. After considering the motion, response, and applicable law, the court is of the opinion that the motion to remand should be GRANTED.

The threshold issue is whether plaintiff properly filed its second amended complaint. Plaintiff correctly argues that it was permitted to file its second amended complaint as a matter of course under Federal Rule of Civil Procedure 15. Specifically, a party is permitted to amend its pleading "once as a matter of course . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Defendant filed a Rule 12(b)(6) motion on October 15, 2014, and plaintiff

filed its second amended complaint on November 5, 2014. Plaintiff's amendment, therefore, was timely and permitted as a matter of course without consent from defendant or leave from the court.

Since the only federal claim was eliminated from the suit, no federal question remains before the court. However, the dismissal of the federal claim does not necessarily divest the court of supplemental jurisdiction. 28 U.S.C. § 1367; *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Parish*, 373 F. App'x 438, 441 (5th Cir. 2010) ("The subsequent dismissal of all federal claims from [plantiff's] suit did not divest the district court of supplemental jurisdiction over the remaining state-law claims."). But under § 1367(c)(3), the general rule in this circuit is to dismiss or remand state-law claims following dismissal of the federal claims they supplement. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). The court's application of this rule is guided by four factors identified by the Supreme Court, namely judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988).

Here, all four factors weigh heavily in favor of remand. First, this case is in its infancy, discovery has not begun, and this court has made no rulings on defendant's motions to dismiss under Chapter 27 of the Texas Civil Practice and Remedies Code. *Id.* at 350 ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."). Second, the convenience factor weighs in favor of remand, as there is no geographic hardship that would be imposed on the parties upon remand to the Harris County district court from which the case originated. *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 306 (5th Cir. 2007). Third, the fairness factor weighs in favor of remand. Remanding the case will not present a danger of conflicting rulings or reopening matters litigated before this court because there have been no substantive rulings made by this court. And lastly, as to the comity factor, while the court is competent to interpret Texas law, the court also

recognizes that principles of federalism require deference to Texas state courts to determine quintessential matters of Texas law.

Accordingly, because the *Carnegie-Mellon* factors weigh strongly in favor of remand, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claim. This action is **REMANDED** to the 152nd Judicial District Court of Harris County, Texas. Defendant's pending motions to dismiss (Dkts. 6, 16) are **DENIED AS MOOT**.

It is so **ORDERED**.

Signed at Houston, Texas on December 23, 2014.

_____
Gray H. Miller
United States District Judge